UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC. d/b/a INTEGRATED SPORTS MEDIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEANETTE RUIZ ARIAS, individually and d/b/a FONDA COLOMBIANA; and 818 SPORTS BAR & GRILL, INC., an unknown business entity d/b/a FONDA COLOMBIANA,<br><br>　　　　Defendants. | No. C 22-05773 WHA<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS** |

## INTRODUCTION

A prior order granted plaintiff Innovative Sports Management, Inc. default judgment and an award of $9,050 against defendants Jeanette Ruiz Arias and 818 Sports Bar & Grill, Inc. for their pirated broadcast of a soccer game in violation of 47 U.S.C. § 553. That order also granted plaintiff leave to move for reasonable attorney's fees, and plaintiff now moves for an award of $10,291.90 in attorneys' fees and $3,379.77 in costs (Dkt. No. 32).

## ANALYSIS

"Awarding attorney's fees under Section 553, however, is discretionary." *J & J Sports Prods., Inc. v. Magat*, No. C 11-01149 WHA, 2011 WL 4831206, at *4 (N.D. Cal. Oct. 12,

2011).  This is because the express language of the statute says reasonable attorney's fees "may" be awarded to the prevailing aggrieved party.  *See* 47 U.S.C. § 553(c)(2).

> In this circuit, there are two primary methods to calculate attorney['s] fees: the lodestar method and the percentage-of-recovery method. . . . Under the percentage-of-recovery method, the attorney['s] fees equal some percentage of the common settlement fund; in this circuit, the benchmark percentage is 25%. . . . The lodestar method requires "multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer."

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015) (quoting *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941–42 (9th Cir. 2011)).  This order primarily relies on the lodestar method, as plaintiffs provide a breakdown of their claimed billable hours.  After determining a lodestar based on a reasonable number of hours spent, "[t]he district court may then adjust upward or downward based on a variety of factors," with the guiding principle being "whether, in light of the circumstances, the time could reasonably have been billed to a private client."  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Plaintiff requests $10,291.90 in fees with the following breakdown:  6.05 hours of work at an hourly rate of $600 performed by Attorney Riley, 12.04 hours of travel by Attorney Riley billed at $300 an hour, 10.52 hours of work at an hourly rate of $120 performed by two administrative assistants, and 5.50 hours of work at an hourly rate of $325 performed by a research attorney.  The hourly rates used in those calculations are reasonable, as "this order does not disagree with recent Section 553 caselaw in this district finding Attorney Riley's $550 hourly rate and his research attorney's $300 hourly rate to be reasonable."  *G & G Closed Cir. Events, LLC v. Segura*, No. C 20-07576 WHA, 2021 WL 4978456, at *1 (N.D. Cal. Sept. 28, 2021) (citations omitted).

The numbers of hours billed, however, are not.  A third of the requested fees derive from Attorney Riley's travel time (Riley Decl. Exh. 1).  While this order will not penalize plaintiff for sticking with counsel of choice based in Southern California, the problem is that the entirety of this time was apparently billed as unproductive.  This is because entirely separate

1   from travel time, another third of requested fees is derived from the 6.05 hours Attorney Riley
2   actually spent working on this matter.  Many of those entries follow a pattern:  "Several routine
3   tasks include entries for both Attorney Riley and an administrative assistant and are thus
4   unnecessarily duplicative and excessive." *Segura*, 2021 WL 4978456, at *1.  This includes
5   things like reviewing the filing of certificates of service and executed summons, which "are
6   clerical in nature and thus should have been subsumed in firm overhead." *Ibid.*  Attorney
7   Riley's substantive entries involve reviewing orders and preparing for hearings, which are
8   tasks that could have been completed entirely concurrent with travel time, particularly given
9   that Attorney Riley apparently spent twice as much time traveling for the matter as actually
10  working on it (Riley Decl. Exh. 1).  Given the foregoing, this order finds the 6.05 hours billed
11  by Attorney Riley independent of travel time unreasonable.

12   The administrative assistants' entries consist entirely of things like plaintiff's filings and
13  reviewing filings on the docket, the latter of which is consistently followed by duplicate entries
14  of review by Attorney Riley.  Consistent with the foregoing analysis, these are clerical tasks
15  that should be "subsumed in firm overhead rather than billed at paralegal rates.  For example,
16  review and filing the summons issued to defendant is of a clerical nature and thus should not
17  be billed under attorney's fees." *Segura*, 2021 WL 4978456, at *1 (citations omitted).  For
18  those reasons, this order does not consider the hours billed by the administrative assistants
19  reasonable.  Leaving aside Attorney Riley's non-travel hours and those of the administrative
20  assistants, this order thus arrives at a lodestar calculation of 17.54 hours (Attorney Riley's
21  travel time and research attorney's hours) for a total of $5,399.50 in fees.

22   The lodestar amount warrants further reductions.  Just as in a prior action before the
23  undersigned by the same counsel, "plaintiff's counsel did not calculate hours
24  contemporaneously but reconstructed them through a review of the filings in the case (Riley
25  Decl. ¶ 7).  This order finds this billing method less reliable than a contemporaneous time
26  record and susceptible to time inflation, and thus reduces the fees award by twenty-five

3

1  percent."* *Segura*, 2021 WL 4978456, at *2. A twenty-five percent reduction in the lodestar
2  number is $4,049.63. Furthermore, as stated in a different prior action before the undersigned
3  by the same counsel, "[p]laintiff's attorney also bills for six hours of work done by a 'research
4  attorney' at $300 an hour yet his firm routinely files these sorts of claims and extensive
5  research would not be necessary." *Magat*, 2011 WL 4831206, at *4. Indeed, plaintiff's
6  counsel represents that "while the field of piracy law in general often involves novel and
7  difficult questions, this specific case did not present any unusual challenges. This case did not
8  preclude counsel from taking any other employment, there were no time limits imposed by the
9  client or the circumstances" (Mot. at 5). As such, both the research attorney and Attorney
10 Riley's billable amounts under the lodestar are separately reduced by twenty-five percent,
11 which is a reduction of $446.88 and $903, respectively. Applying these reductions in total, the
12 lodestar amount is to be reduced by fifty percent.
13     The foregoing produces a fees award of $2,699.75, which is directly in line with
14 substantially similar prior actions. *See Segura*, 2021 WL 4978456, at *2 (awarding $2,800.79
15 in fees); *Magat*, 2011 WL 4831206, at *4 (awarding $2,500 in fees). Furthermore, "[o]ne way
16 that a court may demonstrate that its use of a particular method or the amount awarded is
17 reasonable is by conducting a cross-check using the other method." *In re Online DVD-Rental*
18 *Antitrust Litig.*, 779 F.3d at 949 (citation omitted). Given our prior order's awarded damages
19 of $9,050, the percentage-of-recovery method's benchmark of twenty-five percent comes out
20 to $2,262.50, which comports with the foregoing calculations (Dkt. No. 31). Ultimately, this
21 order is guided by "the general principle that a district court may reduce a fee award if '"the
22 amount of recovery" was modest relative to the amount [the plaintiff] initially sought.'"
23 *Vargas v. Howell*, 949 F.3d 1188, 1195 (9th Cir. 2020) (quoting *Caudle v. Bristow Optical*
24 *Co.*, 224 F.3d 1014, 1029 n.11 (9th Cir. 2000)). Here, plaintiff sought $20,550 in damages,
25 and so the reductions in sought attorney's fees are commensurate.

---

28 * Tellingly, even the quoted citation remains accurate.

As for costs, plaintiff requests $3,379.77, the lion's share of which are travel and investigative expenses (Riley Decl. Exh. 1). "[C]osts should be limited to the complaint filing fee, the service of process charges, and the transcript fees. Pre-filing investigative costs are not costs incurred in prosecuting the lawsuit and thus not recoverable." *Segura*, 2021 WL 4978456, at *2. The private investigator here spent fifteen minutes at the offending establishment, and "[p]laintiff offers nothing to explain how $600 [(here, $675)] in costs could be incurred by such a brief investigation." *Magat*, 2011 WL 4831206, at *4. "The courier fees are likewise unnecessary." *Segura*, 2021 WL 4978456, at *2 (citations omitted). Given the foregoing, this leaves $2,092.47 in travel costs alone for two trips to San Francisco. Upon request, counsel has provided documentation accurately reflecting those travel costs (Dkt. No. 34). However, as recovery of full costs under Section 553 is discretionary, this order declines to grant the full amount of travel costs deriving from relatively expensive flight tickets (all four one-way tickets being over $300) and hotel choice (one of two trips required a hotel stay at a rate of $457 a night). Travel costs are thus reduced by half, and when aggregated with the filing fee and service of process charges, produces a total costs award of $1,560.74.

To the extent stated above, plaintiff's motion for attorney's fees is **GRANTED IN PART**. Plaintiff is **AWARDED** $2,699.75 in attorney's fees and $1,560.74 in costs for a total of **$4,260.49**. Final judgment reflecting this order's award as well as the prior order's damages award will be entered.

**IT IS SO ORDERED.**

Dated: June 27, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE